Filed 6/20/16  P. v. Brown CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>LAMONT DUPREE BROWN,<br><br>　　　　Defendant and Appellant. | B264713<br><br>(Los Angeles County<br>Super. Ct. No. TA136498) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Lonergan, Judge.  Affirmed.

Cyn Yamashiro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged Lamont Dupree Brown with two counts of making a criminal threat (Pen. Code, § 422, subd. (a)). Brown pleaded not guilty.

Jury trial commenced on May 14, 2015. According to the evidence presented at trial, Brown frequently visited his family at an apartment complex in Los Angeles, where Isaac Johnson was employed. On two occasions during those visits, Brown had confronted Johnson while Johnson was working. Each time, Johnson reported the incident to his supervisor, Phelicia Wright, the manager of the apartment complex.

On February 11, 2015, Johnson was sweeping the grounds of the apartment complex when Brown approached and spoke to him. Brown said he was "going to poke him" if Johnson reported him again to Wright. Brown then advanced on Johnson, who believed Brown intended to stab him with a knife. Johnson grabbed his broom with both hands and retreated into the street. Brown said Johnson's broom would not help him and walked away.

Johnson went to the manager's office and reported the incident to Wright. Minutes later, Brown barged into Wright's office, yelling: "I told you what was going to happen." Johnson moved so he would be separated from Brown by a large table. Brown's hands were inside the front pocket of his hooded sweatshirt and Johnson feared Brown was concealing a knife. When Johnson moved his hand toward his own knife in his back pocket, Brown said: "So, you got a knife too? So we can do this." Wright intervened and attempted to calm Brown by talking to him. Still agitated, Brown told Johnson and Wright: "I'm going to have to hurt you. Y'all [sic] going to make me hurt you. I'm going to have to kill y'all [sic]. I don't understand why you do this. I'm going to have to kill you all." Both Johnson and Wright testified they were frightened by Brown's threats. After Brown left the office, police arrived and took him into custody.

Brown did not testify in his defense. The arresting officer testified he searched Brown and did not find a knife.

The jury found Brown guilty as charged. The trial court sentenced Brown to the middle term of two years in state prison on count 1 and stayed the sentence on count 2. Brown filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Brown on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On March 2, 2016, we attempted to advise Brown by mail, sent to North Kern State Prison, that he had 30 days within which to submit any contentions or issues he wished us to consider. On March 14, 2016 the notice was returned by North Kern State Prison and marked "RTS" "Paroled."[1]

We have examined the record and are satisfied Brown's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.                    SEGAL, J.

---

[1] When appellate counsel was appointed, Brown was directed "to keep the court informed of his/her mailing address at all times. If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important notices concerning your appeal." Brown failed to provide any information concerning his address following his apparent discharge from North Kern State Prison. In his declaration, Brown's appointed appellate counsel stated Brown had been released from prison and failed to give counsel a permanent mailing address.

3